# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

**CIVIL NO. 3:04-CV-341-W**

| | |
|---|---|
| **STEPHEN HOLLAND,** | ) |
| **Plaintiff,** | ) |
| vs. | ) **ORDER** |
| **YORKSHIRE GROUP, PLC, and YORKSHIRE AMERICAS,** | ) |
| **Defendants.** | ) |

THIS MATTER comes now before the Court on Plaintiff's "Motion for a Damages Determination" (Doc. No. 22) and supporting affidavit, which the Court treats as a motion for entry of default judgment pursuant to Fed. R. Civ. P. 55(b)(2). Default was entered against defendant Yorkshire Group, PLC, by Order of this Court, on 18 April 2005. Yorkshire Americas, a wholly-owned subsidiary of Yorkshire Group, was originally named as a defendant but was omitted from Plaintiff's amended complaint, and thus should be terminated as a party.

A defendant, by its default, admits the plaintiff's well-pleaded allegations of fact. Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001) (citation omitted). However, a defaulting defendant is not held to admit conclusions of law, such as liability and entitlement to relief. Id.

Upon careful review of the pleadings, the terms of the "Service Agreement" (the breach of which is established by Defendant's default), and Plaintiff's affidavit, the Court determines that Plaintiff is entitled to some relief but not the full amount of damages claimed (that is, a full two

years' "elements"). Pursuant to section 14.2.1 of the Service Agreement, one year's elements is calculated as the value of Plaintiff's annual salary and other fringe benefits less any severance pay received. Section 14.2.2 of the contract further provides that total damages should be calculated at one year's elements multiplied by the "Notice Period." In the case at bar, Plaintiff claims damages in the amount of two years' elements, but section 2.2(b) of the Service Agreement provides, and Plaintiff affirmatively pleads, that he was entitled only to one year's notice of termination.[1] Consequently, Plaintiff is entitled only to damages in the amount of one year's elements, less the severance benefits he received.

Upon reviewing Plaintiff's affidavit, the Court determines that Plaintiff has proved damages in the amount of $233,433.80, which is calculated as the sum of: (1) one year's salary ($323,716.64); plus (2) one year's matching contributions to Plaintiff's 401(k) Plan (estimated at half the amount claimed by Plaintiff, or $8,092.92); plus (3) one year's estimated life insurance premium ($480.00); plus (4) eight months' automobile allowance ($6,800.00);[2] plus (5) eight months' health insurance premiums ($6,400.00);[2] less (6) the severance payment ($112,055.76).

Accordingly, Plaintiff's motion for default judgment (Doc. No. 22) is GRANTED, and the Clerk is DIRECTED to enter judgment by default against defendant Yorkshire Group, PLC, and in favor of plaintiff Stephen Holland, in the amount of Two Hundred Thirty-three Thousand Four

---

[1] Section 2.2 of the Service Agreement provides that it "may be terminated by either party serving on the other not less than the following previous notice in writing expiring at any time: (a) during the period of one year following the date of this Agreement, ending on the first anniversary of that date, two years' notice; (b) thereafter, one year's notice." The pleadings show that the Service Agreement was entered in May 1998 and that Plaintiff was terminated nearly six years later, in February 2004. (Am. Compl. ¶¶ 3, 4.) Thus, by the terms of the contract, the applicable "Notice Period" for Plaintiff was only one year. Indeed, Plaintiff admits this fact in his pleading. (Am. Compl. ¶ 7.)

[2] Plaintiff is not seeking to recover either his automobile allowance or health insurance premiums for the first four months following his termination, which evidently had been factored into his severance package. (Holland Aff. ¶¶ 8, 10.)

Hundred Thirty-three Dollars and Eighty Cents ($233,433.80), plus interest at the statutory rate running from the date of judgment until the judgment is satisfied. Furthermore, the Clerk is directed to TERMINATE Yorkshire Americas as a party-defendant and CLOSE this case.

    IT IS SO ORDERED.

Signed: October 23, 2006

Frank D. Whitney
United States District Judge